IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REV. ADAM SORNCHAI AND RONALD GREEN, Derivatively on Behalf of Nominal Defendant UPSTART HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID GIROUARD, JEFF HUBER, KERRY COOPER, SUKHINDER SINGH CASSIDY, HILLIARD TERRY, MARY HENTGES, CIARAN O'KELLY, PAUL GU, ROBERT SCHWARTZ, ANNA COUNSELMAN and SANJAY DATTA, <br><br> Defendants, <br><br> and <br><br> UPSTART HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 1:23-cv-00253-MN |

**STIPULATION AND ORDER TO STAY PROCEEDINGS**

Plaintiffs Rev. Adam Sornchai and Ronald Green ("Plaintiffs) and Defendants David Girouard, Jeff Huber, Kerry Cooper, Sukhinder Singh Cassidy, Hilliard Terry, Mary Hentges, Ciaran O'Kelly, Paul Gu, Robert Schwartz, Anna Counselman, and Sanjay Datta, ("Individual Defendants") and nominal defendant Upstart Holdings, Inc. ("Upstart"; with Individual Defendants, "Defendants"; together with Plaintiffs, "Parties") submit this stipulation and accompanying proposed order staying the action pending the resolution of a related securities class action currently before the Honorable Chief Judge Algenon L. Marbley in the Southern District of Ohio. The Parties, by and through their counsel of record, hereby stipulate to the following:

WHEREAS, on March 8, 2023, Plaintiffs filed a stockholder derivative action in this Court, purportedly on behalf of nominal defendant Upstart, captioned *Sornchai et al v. Girouard et al.*, Case No. 1:23-cv-00253 (the "Derivative Action");

WHEREAS, there is a factually related securities class action captioned *Crain v. Upstart Holdings, Inc. et al.*, Case No. 2:22-cv-02935-ALM-EPD (the "Securities Class Action"), pending in the Southern District of Ohio before Chief Judge Marbley;

WHEREAS, Upstart, David J. Girouard, Sanjay Datta, Paul Gu, Anna Counselman, and Robert Schwartz, named defendants in the Securities Class Action, are also named as defendants or nominal defendant in the Derivative Action;

WHEREAS, counsel for the Parties in the Derivative Action have conferred regarding the status of this litigation and the appropriate next steps;

WHEREAS, based upon the overlapping parties and factual allegations contained in the Derivative Action and the Securities Class Action, and to avoid the unnecessary expenditure of judicial resources, the Parties to the Derivative Action have agreed, subject to this Court's approval, to a limited stay of the Derivative Action until such time that the Securities Class Action has been resolved;

WHEREAS, the Parties therefore respectfully submit that such a stay of the Derivative Action is appropriate;

WHEREFORE, the Parties, through their undersigned counsel stipulate and agree, subject to the approval of the Court, as follows:

1. Defendants accept service of the Complaint in this matter.

2. Except as noted below, all proceedings in the above-captioned Derivative Action, including any motions practice, obligation to respond to the complaint and any amended

complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are hereby stayed until the resolution of the Securities Class Action.

3. During the stay, Plaintiffs may file amended complaints, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay.

4. Defendants shall promptly notify Plaintiffs of any related derivative actions that they become aware of. Defendants shall promptly notify Plaintiffs if any related stockholder derivative action is not stayed for the same duration as the stay of the Derivative Action. Plaintiffs may lift the stay upon thirty (30) days' notice to Defendants' undersigned counsel by email in the event any related derivative action is not stayed for the same duration as the stay of the Derivative Action.

5. During the pendency of the stay, Defendants shall promptly produce to Plaintiffs any documents produced in any related derivative actions or in any related threatened derivative matters (including to a stockholder who made a Section 220 books and records demand), subject to a mutually agreeable confidentiality agreement/protective order.

6. Defendants will produce to Plaintiffs copies of any documents produced to the plaintiffs in the Securities Class Action within ten (10) calendar days of the date that such documents are produced to the lead plaintiff in the Securities Class Action. Plaintiffs hereby agree that copies of any documents provided to them pursuant to this paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in the Derivative Action; provided, however, that copies of such documents are in Plaintiffs' possession prior to the filing of such future amended or consolidated complaint, and Plaintiffs shall not make any argument to the contrary in any motion or otherwise.

7. In the event that any depositions take place in the Securities Class Action during the pendency of the stay, Defendants shall provide Plaintiffs copies of the transcripts of such depositions and the exhibits used during such depositions.  Plaintiffs hereby agree that copies of any transcripts or exhibits provided to them pursuant to this paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in the Derivative Action; provided, however, that copies of such documents are in Plaintiffs' possession prior to the filing of such future amended or consolidated complaint, and Plaintiffs shall not make any argument to the contrary in any motion or otherwise.

8. Plaintiffs' ability to receive copies of the documents, transcripts, and exhibits described in paragraphs 6 and 7 above is contingent upon their prior written agreement to be bound by the terms of any confidentiality agreement or order governing the use of documents and testimony in the Securities Class Action.

9. Plaintiffs shall be included in any mediation and in any formal settlement talks between the parties in the Securities Class Action, and in any mediation and in any formal settlement talks between the parties in any related derivative actions or related threatened derivative matters that involve any of the Defendants named in this Derivative Action.  Upon termination of the stay, Defendants shall not move to stay the Derivative Action in deference to another derivative action.

10. Within twenty (20) days after the termination of the stay, the Parties shall confer and submit a proposed scheduling order governing further proceedings in the Derivative Action.

11. Nothing in this stipulation shall be construed as a waiver of, or prejudice to, any claim, defense, argument, motion or any other request for relief that any party would otherwise have in the Derivative Action, except as to sufficiency of service of process.

Dated: March 23, 2023                    Respectfully submitted,

**DELEEUW LAW LLC**

*/s/ P. Bradford deLeeuw*

P. Bradford deLeeuw (#3569)
1301 Walnut Green Road
Wilmington, DE 19807
Tel: (302) 274-2180
brad@deleeuwlaw.com

**POMERANTZ LLP**
Gustavo F. Bruckner
Samuel J. Adams
600 Third Avenue
New York, NY 10016
Phone: (212) 661-1100
Email: gfbruckner@pomlaw.com
Email: sjadams@pomlaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA 30346
Phone: (770) 392-0090
Email: cholzer@holzerlaw.com

*Attorneys for Plaintiffs*

**WILSON SONSINI GOODRICH
 & ROSATI, P.C.**

*/s/ Andrew D. Cordo*
Andrew D. Cordo (#4534)
Nora M. Crawford (Bar No. 6399)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
Tel: (302) 304-7600
Email: acordo@wsgr.com
Email: ncrawford@wsgr.com

Caz Hashemi (Pro Hac Vice) (*forthcoming*)
Benjamin M. Crosson (Pro Hac Vice) (*forthcoming*)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: chashemi@wsgr.com Email: bcrosson@wsgr.com

*Attorneys for Individual and Upstart Holdings, Inc.*

**SO ORDERED** this 24th day of March, 2023.

_____
The Honorable Maryellen Noreika
United States District Judge